**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **JOHN WIGGINS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | **C. A. NO. _____** |
| **THE PORT OF TEXAS CITY** | § | |
| **D/B/A TEXAS CITY TERMINAL** | § | |
| **RAILWAY COMPANY,** | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

Plaintiff, **JOHN WIGGINS,** brings this cause for the recovery of damages complaining of

Defendant, **THE PORT OF TEXAS CITY D/B/A TEXAS CITY TERMINAL**

**RAILWAY COMPANY**, and would respectfully show the Court the following:

**1.     PARTIES; SERVICE OF PROCESS.**

A.     Plaintiff, JOHN WIGGINS is an individual and a resident of Hitchcock, Texas.

B.     Defendant, THE PORT OF TEXAS CITY D/B/A TEXAS CITY TERMINAL

RAILWAY COMPANY, is an interstate carrier and at all times material to this cause of action

maintained a principal place of business in Texas.  The designated agent for service of process is

Karol A. Chapman, 2425 Highway 146 North, Texas City, Texas 77590.

**2.     STATUTORY AUTHORITY; JURISDICTION; VENUE.**  Jurisdiction in the United

States District Court for the Southern District of Texas, Galveston Division, is proper pursuant to

the Federal Employers' Liability Act 45 U.S.C.A. §51. et.seq., commonly known as the Federal

Employers' Liability Act (FELA).  Venue is proper in the United States District Court for the

Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. § 1391(a)(3) because

-2-

Defendant is subject to the personal jurisdiction within said District and Plaintiff was injured in Texas City, Galveston County, Texas.

**3.     INTERSTATE COMMERCE.**  Plaintiff alleges that at all times material hereto, Plaintiff as employee, and Defendant as employer, were mutually engaged in services substantially affecting interstate commerce, and Plaintiff avails himself of all of the privileges, rights and immunities afforded him under the FELA.

**4.     STATEMENT OF FACTS.**  Throughout the course of his more than 30 years of employment by the Defendant as a switchman and trainman under the direct control of Defendant's agents, and servants, employees Plaintiff was exposed daily to repetitious physical trauma resulting in shoulder and neck injuries. Plaintiff will show that there were ergonomic risk factors and known remedial measures that had been described and accepted by the scientific community and which was widely published in trade and scientific journals. Plaintiff will show that a reasonably prudent employer would have known about the risk factors and taken steps to ameliorate them. A reasonably prudent employer should have known that Plaintiff was at risk for developing cumulative trauma injury and should have taken steps to ameliorate the risk of injury.

Less than three years before this action was filed, the Plaintiff discovered that he suffered from occupationally caused cumulative traumatic disorders as a result of cumulative occupational trauma to his upper extremities and surrounding body structures and until such time, the Plaintiff was reasonably ignorant as to same.  Thus, the Plaintiff timely commenced this action against the Defendant, his employer, under §56 of the FELA.

-3-

The Plaintiff first knew, or should have known, of his injuries and their relationship to his work within three (3) years of the filing of his initial Petition. This action has been commenced within three (3) years from the date the cause of action accrued, within the meaning of §56 of the FELA and related case law. The Plaintiff first knew that he had his neck and shoulder injuries resulted from his employment in March-June of 2015 and first learned his condition was related to his employment after that date. Prior to that date there were no events, occurrences, or facts that would have lead a reasonable railroad worker to know he has osteoarthritis and that it was caused by his employment. For example, there was no pattern of pain and the pain the Plaintiff experienced was thought by him to be part of the natural aging process and not related to any injury or condition. Also, during portions of his career the Plaintiff was required to undergo regular physical examinations conducted by physicians hired by the Defendant to determine his fitness for working his job. These physicals included examination of the upper extremities, including his neck and shoulders. The Plaintiff was never told at any of these required physical examinations that he had any problem with his upper extremities and he was never taken out of service or limited in his work capacity in any way. Despite the fact that the Defendant knew or should have known of the risk factors for development of premature osteoarthritis existed in the Plaintiff's employment and the early warning symptoms of osteoarthritis, this information was never communicated to the Plaintiff during the physical examinations, as part of the Defendant's daily safety meetings or any other program conducted by the Defendant.

-4-

**5.    NEGLIGENCE; VIOLATION OF THE FEDERAL EMPLOYERS'**

**LIABILITY ACT.**  The Defendant, throughout the entire time of the Plaintiff's

employment with the Defendant, acting by or through its officials, agents, servants,

borrowed servants, and employees was negligent as that term is defined by 45 U.S.C. §51 in

causing the Plaintiff's injury, in whole or in part, in the following particulars:

> 1)    Defendant failed to provide Plaintiff with a reasonably safe place to work;
>
> 2)    Defendant failed to provide Plaintiff with safe and proper tools and appliances with which to perform his work, including properly maintained switches
>
> 3)    Defendant failed to properly supervise the Plaintiff in the performance of his work;
>
> 4)    Defendant failed to test and inspect the workplace and equipment used by Plaintiff to determine its ergonomic adequacy;
>
> 5)    Defendant allowed unsafe work practices to become standard work practices;
>
> 6)    Defendant assigned Plaintiff to work in a situation or condition that it knew or in the exercise of reasonable care should have known was likely to cause Plaintiff injury or to aggravate a prior injury or condition;
>
> 7)    Defendant failed to warn Plaintiff about ergonomic hazards in the workplace;
>
> 8)    Defendant failed to medically examine employees for repetitive motion injuries;
>
> 9)    Defendant required the Plaintiff to repeatedly perform repetitive motion duties and work outside of any recognized safety level and especially that recognized in the revised NIOSH standards;

-5-

10)    Defendant violated the "General Duty Clause" of the 1971 OSHA Act, which requires the Defendant to provide the Plaintiff with a reasonably safe place to work.  This violation legally caused the Plaintiff's injuries as described herein and subjects this Defendant to liability *per se* for the Plaintiff's injuries;

11)    The Defendant required the Plaintiff to work in such a manner that the Plaintiff was required to perform repetitive tasks repeatedly, without proper variations in his duty and to work without relief such that the Plaintiff's upper extremities were caused to degenerate over time more quickly than would be expected through the process of aging alone, leading to the injuries complained of herein;

12)    The Defendant violated its non-delegable duty not to expose the Plaintiff to unreasonable risks of harm, including its duty not to assign him to work beyond his capacity;

13)    Defendant negligently assigned the Plaintiff to work duties requiring repetitive and arduous physical activity when it knew or should have known such duties exposed the Plaintiff to an unreasonable risk of harm;

14)    Defendant negligently assigned the Plaintiff to perform work beyond his physical capacity;

**6.    REQUEST FOR RELIEF.**  By reason of the above and foregoing, Plaintiff seeks damages in a sum within the minimal jurisdictional limits of this court.  Plaintiff asks that Defendant be cited according to law to appear and answer this lawsuit and, after final trial, Plaintiff seeks the following relief:

(a)    Judgment for all of Plaintiff's actual damages;

(b)    Judgment for post-judgment interest in the highest amount allowed by law;

(c)    Judgment for court costs; and

(d)    Such other relief to which Plaintiff may be entitled.

-6-

**Respectfully submitted,**

**JONESGRANGER**

By: /s/ *Marc A. Zito*
Marc A. Zito
TBN:  22279400
Fed Bar No. 2070
10000 Memorial Drive, Suite 888
Houston, Texas 77024
Phone:  713/ 668-0230
Fax:  713/ 956-7139
mzit@jonesgranger.com

ATTORNEY FOR PLAINTIFF